IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CNX MIDSTREAM DEVCO I LP, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Docket No.: 2:20-CV-00290-AJS |
| v. | : | |
| | : | |
| APPLIED CONSTRUCTION SOLUTIONS, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes Plaintiff, CNX Midstream Devco I LP ("CNX"), by its attorneys Dickie, McCamey & Chilcote, P.C. and pursuant to L.C.v.R. 56(B)(1), files this Concise Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment, stating as follows:

1.      Plaintiff, CNX, initiated this case by Complaint in the Court of Common Pleas of Allegheny County at GD20-001528 on January 29, 2020. (ECF #1-3 and Complaint).

2.      This action was removed to the United States District Court for the Western District of Pennsylvania on Motion of Defendant on February 26, 2020. (ECF #1-3).

3.      Defendant, Applied Construction Solutions, Inc. ("ACS") filed an Answer, Defenses and Counterclaim in this matter on March 4, 2020. (ECF #9).

4.      CNX is in the business of, among other things, owning and operating natural gas compressor stations. (Complaint at ¶2, ECF #9 at ¶2).

5.      A portion of ACS's business is the construction of natural gas compressor stations. (ECF #9 at ¶4).

6.     In October, 2018, CNX solicited bids for the construction of CNX's Morris Natural Gas Compressor Station ("Project").  (Complaint at ¶5, ECF #9 at ¶5).

7.     In November, 2018, ACS submitted its bid for the Project.  (Complaint at ¶6, ECF #9 at ¶6).

8.     ACS was selected to construct the Project by CNX.  (Complaint at ¶7, ECF #9 at ¶7).

9.     On December 5, 2018, CNX, as owner, issued a purchase order No. 4700577626 ("Purchase Order") for the construction of the Project to ACS, as contractor. (Shumaker Affidavit at ¶2, Exhibit 1).

10.     The Purchase Order was issued electronically on December 5, 2018 at 9:56 p.m. by CNX to ACS through CNX's electronic purchasing system named HUBWOO. (Shumaker Affidavit at ¶3, Exhibits 1 and 2).

11.     ACS accepted the Purchase Order via HUBWOO's purchase order response on December 21, 2018 at 3:30 p.m. (Shumaker Affidavit at ¶4, Exhibit 3).

12.     Pursuant to Article 2, the Purchase Order incorporated by reference several documents ("Contract Documents"), including "CNX Morris RFP Questions – November 5, 2018."  (Shumaker Affidavit at ¶5, Exhibit 4).

13.     The CNX Morris Expansion RFP Questions dated November 5, 2018 that are part of the Contract Documents provide in relevant part as follows:

[Question]     Can you please clarify if this contract will be a T&M or a lump sum contract?

[Answer]     T&M.

[Question]     If it is T&M, is this T&M not to exceed amount based upon your submitted lump sum Budget?

[Answer]     Yes.

(Shumaker Affidavit at ¶6, Exhibit 4).

14. The question and answer process is a very common bidding process that insures that all bidders have access to the information elicited by the question and that all bidders are operating on a level playing field. (Shumaker Affidavit at ¶7).

15. A T&M contract with an amount not to exceed ("T&M NTE"), is a contract, wherein the contractor is paid based upon the amount of labor (time) and materials provided by the contractor limited by a lump sum budget amount not to exceed. (Shumaker Affidavit at ¶8).

16. The T&M NTE obligates the Contractor to perform the scope-of-work as defined in the contract documents as of the date of the contract including the plans and specifications for an amount within the NTE lump sum budget. (Shumaker Affidavit at ¶9).

17. If the scope-of-work for the contract changes after the date of the contract increasing the amount of time and materials required to perform the work, the contractor is entitled to a change order that increases the NTE lump sum budget by a like amount. (Shumaker Affidavit at ¶10).

18. In a T&M contract with no not-to-exceed lump sum budget, the Contractor is entitled to be paid for the reasonable cost of all time and materials expended in constructing the Project. (Shumaker Affidavit at ¶11).

19. In a T&M contract with no not-to-exceed lump sum budget, change orders are unnecessary, since the Contractor is entitled to be paid its reasonable costs of time and materials irrespective of any change to the contract scope-of-work. (Shumaker Affidavit at ¶12).

20.    Pursuant to Article 4 of the Purchase Order, the lump sum NTE budget for the Project was $12,418,545.  (Shumaker Affidavit at ¶13, Exhibit 1).

21.    Pursuant to the Purchase Order and the Contract Documents that comprised the Purchase Order, ACS agreed to perform the scope-of-work for the Project on a T&M NTE basis with a cost not to exceed of $12,418,545.  (Shumaker Affidavit ¶14, Exhibits 1 and 4).

22.    Article 10 of the Purchase Order provided as follows:

> Article 10 – Changes in the Work: Company [CNX], without invalidating the construction agreement, may order extra work or make changes by altering, adding to or deducting from the work, such changes shall be executed under the conditions of the original Contract Documents except for any claim for extension of time caused thereby shall be adjusted at the time of ordering such change. Prior to the performance of any extra work by Contractor, Company will determine which of the methods of payment defined in the Contract Documents will be applicable. Extra work is any work performed which is beyond the scope-of-work defined in these Contract Documents. Except in any emergency endangering life or property, no extra work or change shall be made unless pursuant to Company's written purchase or change order, and no claim for an addition to the Contract Sum shall be valid unless so ordered.

(Shumaker Affidavit at ¶15, Exhibit 1).

23.    During the course of ACS's work on the Project, it submitted Requests for Change Orders based upon ACS's assertion that the actual scope-of-work for the Project was more extensive than the original scope-of-work contained in the Purchase Order. (Dunn Affidavit at ¶3, Exhibit 5).

24.    ACS acknowledged its understanding of the requirement for change orders to increase the T&M NTE amount as the result of an increase to its scope-of-work under the Purchase Order as early as January 29, 2019. (Dunn Affidavit at ¶4, Exhibit 9).

25.     ACS submitted these requests for change order prior to performing the work as required by Article 10 of the Purchase Order. (Dunn Affidavit at ¶5).

26.     CNX agreed that certain of the Change Order Requests submitted by ACS related to work that was outside of the original scope-of-work of the Purchase Order.  CNX signed off on these Change Order Requests.  CNX agreed that these Change Order Requests would be billed by ACS on a T&M basis.  ACS and CNX kept track of these Change Order Requests on a "not in contract" log. (Dunn Affidavit at ¶6, Exhibit 5).

27.     Ultimately, CNX and ACS agreed that ACS performed work that was beyond the original scope-of-work of the Purchase Order. In this regard, CNX issued Change Orders Nos. 1 and 2 to the Purchase Order.  (Dunn Affidavit at ¶7, Exhibits 6 and 7).

28.     ACS submitted pay applications for the Project.  (Shumaker Affidavit at ¶16, Exhibit 8).

Respectfully submitted.

DICKIE, McCAMEY & CHILCOTE, P.C.


By: */s/William D. Clifford*
William D. Clifford, Esquire
PA I.D. #34959

Gregory C. Michaels, Esquire
PA I.D. #205948

Two PPG Place, Suite 400
Pittsburgh, PA  15222
(412) 392-5411

Attorneys for Plaintiff,
CNX Midstream DEVCO I, LP

**CERTIFICATE OF SERVICE**

I, William D. Clifford, Esquire, hereby certify that a true and accurate copy of the foregoing *Plaintiff's Concise Statement of Undisputed Material Facts in Support of Motion for Summary Judgment* has been served this 4th day of March, 2021, via electronic mail by the Court's CM/ECF System.

Christopher A. Brumley, Esquire
Evans S. Aldridge, Esquire
Flaherty Sensabaugh Bonasso PLLC
200 Capital Street, P.O. Box 3843
Charleston, WV  25338

DICKIE, McCAMEY & CHILCOTE, P.C.

By */s/ William D. Clifford*
     William D. Clifford, Esquire
     PA I.D. #34959
     Gregory C. Michaels, Esquire
     PA I.D. #205948

Attorneys for Plaintiff
CNX Midstream DEVCO I, LP

10998884.1